AUG.   TERM.
     1842.

Rector   v.
Hutchison,
Rector and
Bernard.

---

### RECTOR v. HUTCHISON, RECTOR AND BERNARD.

A court of equity will not make a decree according to the wishes of all the parties, when such decree would be contrary to the established rules and usages of such courts. Therefore, where the complainant, who was a *cestui que trust*, filed his bill against another *cestui que trust*, and the trustee, praying a decree for a conveyance of all the land to complainant, and concluded with a prayer for general relief, the court properly decreed a conveyance to the *cestui que trusts* jointly, although the defendants were willing that the conveyance should be made according to the prayer of the bill.

Appeal from the Circuit Court of Cooper county.

ADAMS for Appellant.

*Opinion of the Court, delivered by Napton, Judge.*

This was a bill in chancery, brought by the complainant to compel a conveyance to him of a tract of land in Cooper county.

The bill alleges, that the complainant and the defendant, Nimrod Rector, jointly purchased some twenty acres of land of the defendant Bernard, and that the title bond was made to Hutchison, in consequence of his becoming their security to Barnard for the payment of the purchase money.

The bill further states, that by consent of parties, the land was laid off into town lots, and the money arising from the sales was first applied to the payment of the purchase money ( which was in that way entirely satisfied, )

and that other portions of the money had been applied by Hutchison to the exclusive benefit of Nimrod Rector, so that said Nimrod had received his share. It is further alleged that said Nimrod is now insolvent, that Hutchison has got or can get the legal title from Bernard, and the bill prays that the court decree a conveyance to the complainant. Bernard answers and admits the facts as stated in the bill; says he has made a conveyance to Hutchison, and disclaims any interest in the matter. Hutchison also admits the facts to be as stated, and that he is mere trustee, &c.

Nimrod Rector also answers and admits he has received his share, and is willing the deed should be made according to the prayer of complainant's bill.

The court decreed a conveyance to Nimrod and Charles Rector, jointly, and from this decree the complainant appeals.

The objection made to the decree of the circuit court is, that it is not in conformity to the prayer of the bill. The bill prayed for a conveyance to Charles Rector alone, and for such other and further relief as to the court should seem just. It is not perceived, on what grounds the court could have decreed the title to the complainant only, unless it be because all the parties, plaintiffs and defendants, were willing. The bill and answers clearly show that Hutchison was a trustee for both the Rectors, and a joint conveyance to both, would be in accordance with the usages of courts of equity. But if a conveyance to one *cestui que trust* only, was desired, and no other or further interposition of the court expected, then there was no equity in the bill. If Nimrod Rector received a larger portion of the proceeds of the sales, than he was entitled to, this might constitute a good claim against the said Nimrod for reimbursement, but as such disbursements were admitted to have been made by consent of all the parties, both Nimrod and Charles, it can constitute no equity against Hutchison for a conveyance of this land, to which they are jointly entitled. If this

AUG. TERM, 1842.

Rector v. Hutchison, Rector & Bernard.

A court of equity will not make a decree according to the wishes of all the parties when such a decree would be contrary to the established rules and usages of such courts: therefore where the complainant, who was a *cestui que trust*, filed his bill against another *cestui que trust*, and the trustee praying a decree for a conveyance of all the land to complainant: and concluded with a prayer for general relief. The court properly decreed a conveyance to the *cestui que trusts* jointly, although the defendants were willing

indebtedness of Nimrod Rector to Charles Rector be admitted, and this indebtedness amounts in value to the

Rector　v.
Hutchinson
Rector and
Bernard.

land not yet conveyed, it is difficult to see what need there can be for the interposition of a court of chancery to effect a transfer from one to the other.

that the conveyance should be made according to the prayer of the bill.

But the rights of third parties might in this way be affected. The court must make the conveyance in accordance with the equitable rights of the parties, and unadjusted debts between the *cestui que trusts* cannot be allowed to influence the conveyance of the land.

The court are of opinion that the decree was right, and it is accordingly affirmed.